Per Curiam,
This writ of ejectment must be regarded as the equivalent of a bill in equity to rescind, and , is governed by the same principles. The contract has been fully executed, the deed delivered, and the purchase-money or consideration paid. In such case, it is not sufficient to show that there was some evidence of fraud, by means of which the plaintiff was overreached *694 in the transaction; nor is it perhaps a question of the weight of the evidence. A chancellor will not rescind an executed contract merely because the scales incline slightly in favor of the plaintiff; the preponderance must be so great as to satisfy his conscience that the alleged fraud has been committed. The evidence to set aside a deed must be clear, precise and indubitable. This has been said so often that we may well be excused citing the cases.
The evidence in the case, so far from measuring up to this standard, is vague and unsatisfactory. It was so slight that the learned and careful judge of the court below declined to submit it to the jury. It is true the bonds accepted by the plaintiff did not prove as valuable as he perhaps expected, and he may have made a bad bargain in exchanging his land for them, but we see no such fraud in the transaction as entitles him to rescind.
We need not discuss the rulings of the court below upon the plaintiff’s points. The plaintiff had no facts to which his points could attach themselves.
Judgment affirmed.